UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MONICA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-cv-2358-CM-TJJ |
| ) | |
| KVC, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

**TO THE PLAINTIFF:**

Plaintiff commenced this action pro se on July 1, 2019, by filing a Complaint (ECF No. 1) naming KVC as Defendant. Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) with an attached affidavit of financial status. The affidavit shows that Plaintiff is unemployed, has no dependents or real property, receives $730.00 monthly in Social Security benefits, owns a car worth $1,000.00, has no cash on hand or savings, and her monthly obligations total $885.00. Based on the submitted affidavit, the Court grants Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). As a result, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the case if it fails to state a claim on which relief may be granted.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[1] While such review may occur at any time and the Court is not obligated to conduct the review before

---

[1] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

service of process,[2] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[3]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4] Because Plaintiff proceeds pro se, her pleadings are liberally construed.[5] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]

Plaintiff claims this court has jurisdiction over her claims on the basis of diversity of citizenship and because of a civil rights violation. In the statement of her claim, Plaintiff alleges that Defendant committed the intentional torts of defamation of character, libel, and intentional infliction of emotional distress by altering or tampering with her drug tests. Plaintiff also alleges KVC failed to maintain a safe environment, but she does not state whether the alleged unsafe environment is related to her drug tests.

Other than checking the box on the complaint form indicating that federal court jurisdiction is founded on the basis of an alleged civil rights violation, Plaintiff makes no mention of civil rights. Plaintiff's complaint does not allege how her civil rights were violated or

---

[2] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[3] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id*.

what federal civil rights law Defendant KVC would be subject to, nor does it articulate what protected right Defendant allegedly violated. In the absence of additional facts linking the alleged events to a protected federal civil right in a way that clarifies Plaintiff's claim, Plaintiff has not raised a right to relief above the speculative level.

Plaintiff also checked the box asserting federal court jurisdiction exists on the basis of diversity of citizenship. Plaintiff states that she and Defendant are citizens of the State of Kansas. Under the federal diversity jurisdiction statute, the district courts do not have original jurisdiction over a case where a citizen of a state files suit against another citizen of that state.[7] Because Plaintiff and Defendant are citizens of the same state, this court does not have jurisdiction over Plaintiff's complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is hereby granted, but the Court withholds service of process pending § 1915 review following receipt of a response by Plaintiff to the Order to Show Cause set forth below.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable Carlos Murguia, United States District Judge, on or before **July 26, 2019**, why this action should not be dismissed for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 10th day of July, 2019.

Teresa J. James
U. S. Magistrate Judge

---

[7] 28 USC § 1332(a)(2).