# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MONICA A. GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-2358-CM-TJJ** |
| | ) | |
| **KVC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM & ORDER

On July 30, 2019, Magistrate Judge Teresa J. James entered an order requiring plaintiff Monica A. Green to show cause in writing to this court, on or before August 15, 2019, why this action should not be dismissed for failure to state a claim upon which relief may be granted and lack of subject-matter jurisdiction (Doc. 7). On August 14, 2019, plaintiff filed a response. Plaintiff's response satisfies none of Judge James's concerns.

Plaintiff still states no plausible federal claim. Federal Rule of Civil Procedure 8(a)(2) required plaintiff's complaint to provide a "short and plain statement of [her] claim showing that [she] is entitled to relief." Judge James determined that, other than checking a box indicating that jurisdiction is claimed based on an alleged civil rights violation, plaintiff's complaint made no mention of civil rights. (Doc. 7, at 2.) Plaintiff now responds that defendant KVC violated her Fourth Amendment right. (Doc. 9, at 1.) But she provides no supporting factual allegations to raise her right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff, for example, alleges no facts showing that KVC is the type of state or federal actor that she may hold liable for any constitutional violation. *See, e.g.*, *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446–47 (10th Cir. 1995) (explaining that liability under 42 U.S.C. § 1983 for Fourth Amendment violations "attaches only to conduct occurring" by "those who represent [the state] in some capacity" (quotations omitted)); *Romero v.*

*Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a *Bivens* action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors.").

As such, plaintiff states no relief-entitling claim involving her Fourth Amendment rights. And because plaintiff's Fourth Amendment claim is not "lacking all color of merit," this court must exercise its federal question subject-matter jurisdiction and dismiss plaintiff's claim as improperly pled. *Swafford v. Templeton*, 185 U.S. 487, 493 (1902) (explaining that jurisdiction exists where "the very nature of the controversy [is] Federal," notwithstanding the court's opinion "as to the want of merit" in the complaint's allegations that a federal right was violated); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior [U.S. Supreme Court] decisions . . . , or otherwise completely devoid of merit *as to not involve a federal controversy*.'" (emphasis added)); *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1096 (citing various authority supporting the proposition that "'the appropriate basis for dismissing a . . . claim [seeking recovery on the ground of a constitutional violation] is failure to state a claim upon which relief can be granted, not lack of subject matter jurisdiction.").

That leaves plaintiff's non-federal tort claims. But still, plaintiff fails to support this court's exercise of its diversity jurisdiction over such claims. To vest this court with subject-matter jurisdiction over plaintiff's tort claims on 28 U.S.C. § 1332(a)'s diversity-of-citizenship ground, plaintiff needed to affirmatively show complete diversity between herself and defendant. *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966). As observed by Judge James, plaintiff's complaint identifies herself and defendant both as Kansas citizens. (Doc. 1, at 2.) Plaintiff's response to the July 30, 2019 show-cause order fails to address this defect with any contrary affirmative showing of the parties' diversity. (*See* Doc. 9, at 1.) Accordingly, this court lacks subject-matter jurisdiction over plaintiff's tort claims. *See*

*Adkins v. Koduri*, 755 F. App'x 751, 753 (10th Cir. 2018) ("In this case, both [plaintiff] and [defendant] appear to be citizens of Kansas—and [plaintiff] has not argued or alleged differently—meaning there is no subject-matter jurisdiction based on diversity.").

**IT IS THEREFORE ORDERED** that plaintiff has not satisfied the July 30, 2019 order to show why this court should not dismiss this action, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim and lack of subject matter jurisdiction (Doc. 7). Exercising its 28 U.S.C. § 1331 jurisdiction over plaintiff's Fourth Amendment claim, this court dismisses that claim without prejudice for failure to state a claim upon which relief may be granted. As this court lacks subject-matter jurisdiction under 28 U.S.C. § 1332 over plaintiff's remaining tort claims, the court dismisses those claims without prejudice.

The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

The case is closed.

Dated November 25, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**